UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SYDNEY POTTER,<br><br>  Plaintiff,<br><br>v.<br><br>ASHFORD UNIVERSITY et al.,<br><br>  Defendants. | Case No.: 20-CV-1131-CAB-DEB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 18] |

This matter is before the Court on Defendants' motion to dismiss for failure to state a claim. The motion is fully briefed, and the Court deems it suitable for submission without oral argument. The motion is granted.

**I.   Background**

According to the complaint, Plaintiff took classes from Defendant Ashford University, an online private university. In August 2019, Plaintiff "stated not one, but several profanity laced homophobic slurs to [Defendant William] Hodde," who previously had been Plaintiff's doctoral advisor. [Doc. No. 1-1 at 14-15.][1] On September 6, 2019, Ashford expelled Plaintiff "as a result of a homophobic slur towards an employee." [*Id.* at

---

[1] Pinpoint citations to the record are to the ECF page numbers appearing in the watermark at the top of the page.

15.] At the time of the expulsion, Plaintiff allegedly was three credits short of graduation from the Ph.D. program. [*Id.*]

Plaintiff filed this lawsuit in Florida state court against Ashford, its alleged parent company, and several employees. The complaint claims that Ashford's expulsion of Plaintiff violated Plaintiff's Fourteenth Amendment due process rights, violated his First Amendment free speech rights, and constituted a breach of contract. Defendants removed the case to the United States District Court for the Northern District of Florida and then moved to transfer the case to this court. The Florida district court granted to motion to transfer, and the case was transferred to this court on June 22, 2020. Defendants now move to dismiss the complaint for failure to state a claim.

## II. Legal Standards

The familiar standards on a motion to dismiss apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

### III. Discussion

Although the complaint asserts seven "counts," many of the counts are either duplicative or constitute defenses to or theories of liability for an underlying claim. The counts listed in the complaint are: (1) "Due Process and Breach of Good Faith (14th Amendment)"; (2) "Breach of Contract"; (3) "Section § 1983 Claims"; (4) "Retaliation and Free Speech and Reverse Discrimination (1st Amendment); (5) "Respondeat Superior and Vicarious Liability"; (6) "Discriminatory Viewpoint"; and (7) "Statute of Limitations." These "counts" fall into three categories: (a) claims for violations of Plaintiff's constitutional rights (Counts 1, 3, 4, and 6); (b) state common law breach of contract claims (Count 2); and (c) theories of liability or affirmative defenses (Counts 5 and 7).

#### A. Constitutional Claims

"[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983." *Arpin v. Santa Clara Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). The first, fourth, and sixth "counts" are each premised on alleged violations of Plaintiff's constitutional rights. Accordingly, the Court will evaluate these claims as if they are all alleged under section 1983 like Count 3.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49. (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). When the defendants are ostensibly private organizations or individuals, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, (2001)

(quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, (1999) (internal quotation marks and citation omitted).

Plaintiff's constitutional claims here each fail because all of the defendants are private entities or individuals. Further, the complaint does not allege, nor could Plaintiff allege, that in connection with Plaintiff's expulsion from Ashford for his homophobic slurs, there was any nexus between the State and Defendants' conduct, let alone a nexus sufficient to treat the expulsion as an action of the State itself. Accordingly, Plaintiff's constitutional claims (Counts 1, 3, 4, and 6) are all dismissed with prejudice.

### B. Breach of Contract

In Count 2 of the complaint, and in a subpart of Count 1, Plaintiff alleges that Defendants' actions constituted a breach of contract and breach of the covenant of good faith and fair dealing. "The elements for a breach of contract claim are: (1) the existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages." *Castro v. Wells Fargo Bank, N.A.*, No. CV 12-2393 RSWL AGRX, 2012 WL 2077294, at *1 (C.D. Cal. June 6, 2012). Here, although the complaint refers generally to "rules, regulations, procedures, [and] handbooks of a university" as forming "part of the contract" between a university and a student [Doc. No. 1-1 at 24], it does not allege any specific rule, regulation, procedure, or handbook that constitutes a contract between Plaintiff and any of the Defendants. Nor does the complaint allege any specific rule, regulation, procedure, or handbook term that any of the Defendants allegedly breached. Accordingly, the complaint fails to state a claim for breach of contract, and this claim is dismissed as well.

### C. Remaining Counts

Count five is for "respondeat superior and vicarious liability." "Respondeat superior is a theory of vicarious liability, which requires a predicate cause of action . . . ." *Soderstrom v. Nicholas*, No. C 08-05310 JW, 2009 WL 10697266, at *8 (N.D. Cal. May

20, 2009). Here, because the complaint fails to state a predicate claim for relief, there can be no vicarious liability of any of the defendants for the conduct of the others. *See generally Varlitskiy v. Cty. of Riverside*, No. EDCV192099JGBSPX, 2020 WL 4187767, at *5 (C.D. Cal. June 11, 2020) ("[B]ecause Plaintiff fails to adequately allege an underlying negligence claim against the Deputies, he cannot establish that the County is vicariously liable for their conduct."). Accordingly, this count is dismissed as well.

Finally, the last count is for "statute of limitations." The statute of limitations is a defense to a claim, not an affirmative claim for relief. This count is dismissed as well.

### IV. Disposition

In light of the foregoing, it is hereby **ORDERED** that Defendants' motion to dismiss is **GRANTED**. Because Defendants are not state actors and were not acting under the color of state law, any amendment to Counts 1, 3, 4, and 6 would be futile. Accordingly, these claims are **DISMISSED WITH PREJUDICE**. Likewise, because "respondeat superior and vicarious liability" and "statute of limitations" are not claims for relief, Counts 5 and 7 of the complaint are also **DISMISSED WITH PREJUDICE**. Finally, because Plaintiff could conceivably allege a breach of contract claim, Count 2 is **DISMISSED WITHOUT PREJUDICE**. However, because this case was removed to federal court based on federal question jurisdiction over claims that are now dismissed with prejudice, the Court declines supplemental jurisdiction over any amended breach of contract claims. Accordingly, if Plaintiff intends to attempt to proceed with an amended breach of contract claim, he should file such a complaint in state court.

It is **SO ORDERED**.

Dated: August 7, 2020

Hon. Cathy Ann Bencivengo
United States District Judge